**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

LULA KIRKPATRICK,
<u>Plaintiff-Appellant,</u>

v.

No. 95-2491

RALEIGH COUNTY BOARD OF
EDUCATION; RONALD BEE
CANTLEY, II,
<u>Defendants-Appellees.</u>

Appeal from the United States District Court
for the Southern District of West Virginia, at Beckley.
Elizabeth V. Hallanan, District Judge.
(CA-94-71-5)

Submitted: February 6, 1996

Decided: February 29, 1996

Before NIEMEYER and LUTTIG, Circuit Judges,
and BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Douglas Miller, Institute, West Virginia, for Appellant. Charles R.
Bailey, Roberta F. Green, SHUMAN, ANNAND & POE, Charleston,
West Virginia, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Lula Kirkpatrick appeals from district court orders that granted summary judgment to the Defendants in her civil action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq., and denied her motion to set aside or vacate that order. Kirkpatrick alleged in her complaint that she was constructively discharged based on her race and age. Because we find that Kirkpatrick failed to establish that she was constructively discharged and that the court did not abuse its discretion in denying her motion to compel production of personnel files of other teachers or in granting Defendants a protective order as to those records, we affirm.

This Court reviews summary judgments de novo. Higgins v. E. I. DuPont de Nemours & Co., 863 F.2d 1162, 1167 (4th Cir. 1988). Summary judgment is properly granted when there is no genuine issue of material fact and the record taken as a whole could not lead a rational trier of fact to find for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986). This Court must construe the evidence before it in the light most favorable to the non-moving party. See Cole v. Cole, 633 F.2d 1083, 1092 (4th Cir. 1980).

Kirkpatrick is a black female over the age of forty who was employed by Raleigh County Schools from 1968 until her resignation in 1994. Kirkpatrick was regularly evaluated during her tenure as a teacher; the evaluations were performed over time by different people of various races, ages, and genders. As early as 1983, the evaluations noted concern about Kirkpatrick's ability to discipline students and control her classroom. These events culminated in October 1992, when Cantley, the principal of the school in which Kirkpatrick worked, and McClung, the assistant principal, both noted problems with Kirkpatrick's ability to manage the classroom. On the day that Cantley observed and evaluated Kirkpatrick, Kirkpatrick refused to

2

sign the evaluation, finished her work day, and left. She never returned to work and ultimately resigned after an extended medical leave.

Construing the record in the light most favorable to Kirkpatrick, we find that she has failed to establish a prima facie case of disparate treatment because of her age, race or gender. See Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 252-53 (1981). Though it is undisputed that she is a member of a protected class, Kirkpatrick has failed to establish that she suffered any adverse employment action.

In order to establish that she was constructively discharged, Kirkpatrick must show that Defendants "deliberately" made her working conditions "intolerable," thus forcing her to quit her job. Amirmokri v. Baltimore Gas & Elec. Co., 60 F.3d 1126, 1132 (4th Cir. 1995). There is no evidence in the record that the Defendants evaluated Kirkpatrick with the deliberate intent of forcing her to quit. Neither is there any evidence that the workplace had become intolerable. There was undisputed evidence that a white male teacher was evaluated at least as frequently as Kirkpatrick but did not quit. There was other evidence that Cantley evaluated white teachers who were older than Kirkpatrick with the same frequency and detail. Thus, Kirkpatrick has failed to establish any adverse employment action by the Defendants.

As for Kirkpatrick's motion for production of information from other teachers' personnel files, we find that the court did not abuse its discretion in affirming the magistrate judge's order denying Kirkpatrick's motion to compel and granting Defendants a protective order as to those documents. Under Fed. R. Civ. P. 26(b)(1), parties may obtain discovery as to any non-privileged matter that is "relevant to the subject matter involved in the pending action" or information that "appears reasonably calculated to lead to the discovery of admissible evidence." Kirkpatrick never established the relevance of personnel files of other teachers under this rule. We also find that the court properly balanced privacy interests against Kirkpatrick's need for the material in granting the Defendants' protective order as to this information. See Fed. R. Civ. P. 26(c)(1); Keyes v. Lenoir Rhyne College, 552 F.2d 579, 581 (4th Cir), cert. denied, 434 U.S. 904 (1977).

For these reasons, we affirm the district court's orders. We dispense with oral argument because the facts and legal contentions are

3

adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4